IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARQUITA PRICE,

    Plaintiff,

    v.

GWINNETT FAMILY DENTAL
CARE, LLC; and DR. ERIC
STAEBEN,

    Defendants.

CIVIL ACTION FILE

NO. 1:06-CV-2659-BBM-GGB

## ORDER

## REGARDING DISCOVERY MOTIONS

Plaintiff Charquita Price brings this employment discrimination action against her former employer, Gwinnett Family Dental Care, LLC ("GFDC"), and Dr. Eric Staeben, one of GFDC's principals.  Plaintiff accuses GFDC of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").  She also brings state law claims against both Defendants. Plaintiff worked for GFDC from August 9, 2005 until her termination on September 4, 2006.

This action is presently before the Court on the following motions: Defendant GFDC's Motion to Compel Production of Recorded Conversations, for Protective

Order, and for Sanctions [Doc. 106]; Plaintiff's Request for Leave to Take Additional Discovery Depositions [Doc. 107]; Plaintiff's Motion to Compel Discovery Depositions [Doc. 110]; Plaintiff's Request for Leave to File Response to Defendant GFDC's Reply Brief [Doc. 124]; and the parties' Consent Motions to Extend Defendant Staeben's Time to Respond to Subpoenas [Docs. 141 & 142].

The parties' Consent Motions [Docs. 141 & 142] are **GRANTED nunc pro tunc**. Plaintiff's Motion for Leave to File Response [Doc. 123], which has not been opposed by Defendants, is also **GRANTED**. The remaining motions, which are interrelated, are discussed below.

I.    **Defendant's Motion to Compel Production of Recorded Conversations, for Protective Order, and for Sanctions**

A.    **Motion to Compel Production of Recorded Conversations**

Plaintiff's counsel, A. Bradley Dozier, Jr., admittedly recorded a number of conversations he had with potential witnesses in this case. Defendant seeks copies of these recordings, as well as supplemental responses to interrogatories it previously posed to Plaintiff regarding recorded conversations. Plaintiff represents, and Defendant does not dispute, that she has now provided Defendant with all of the

2

recorded conversations.  Nonetheless, Defendant is also entitled to supplemental responses to its interrogatories, which will conclusively establish that no additional recordings were made.  Interrogatory responses, unlike representations made in a brief, must be made under oath.  See Fed.R.Civ.P. 33(b)(1).

### B.      Motion for Protective Order

Defendant asks the Court to prohibit Plaintiff from deposing witnesses until all of the recorded conversations have been produced and the interrogatories have been updated.  The Court agrees.  Plaintiff must provide supplemental interrogatory responses before scheduling any additional depositions.

### C.      Motion for Sanctions

Defendant accuses Plaintiff's counsel of a number of improprieties with respect to the recorded conversations, all of which Mr. Dozier denies.  According to Defendant, "in the few recordings actually obtained to date by Defendants' counsel, portions of the recordings are incomplete.  Either Dozier has failed to record the entirety of the conversations, or, more likely, has intentionally edited out portions of the conversations." (Doc. 106, Brf. at 11).  Plaintiff denies that the recordings were

3

altered in any way and notes that Defendant has not produced any evidence to this effect.  In any event, the Court will require Plaintiff to certify, in her supplemental responses to Defendant's interrogatories, that the recordings have not been altered.

Defendant also states that, "in at least one of the instances where [Mr. Dozier] recorded a conversation with a witness . . . he was asked twice if the conversation was being recorded.  In response, he affirmatively and unequivocally stated that the conversation was <u>not</u> being recorded."  (<u>Id</u>. at 11-12).  Defendant contends that Mr. Dozier intentionally lied to the witness and argues that this constitutes a violation of the ethics rules governing lawyer conduct.  (<u>See id</u>. at 12-13).  In an affidavit, Mr. Dozier states that he forgot that the tape recorder was on in this instance, and he describes the circumstances that led him to make this error.  (<u>See</u> Doc. 115-2, Dozier Aff.).[1]  In reply, Defendant contends that Mr. Dozier's explanation "defies logic." (Doc. 118 at 1).

This Court's Local Rules state that "[a]ll lawyers practicing before this court

---

[1]Among other things, Mr. Dozier states (1) that he initially contacted the witness solely for the purpose of scheduling her deposition, and that he would not ordinarily record such a conversation; (2) that his use of a computer keyboard can be heard in the background, whereas his normal practice is to take handwritten notes when recording a conversation; and (3) that the recorder was not in sight at the time of his conversation.  (<u>See</u> Doc. 115-2, Dozier Aff. ¶¶ 2-10).

AO 72A
(Rev.8/82)

shall be governed by and shall comply with the specific rules of practice adopted by this court and, unless otherwise provided, with the Georgia Rules of Professional Conduct contained in the Rules and Regulations of the State Bar of Georgia and with the decisions of this court interpreting these rules and standards."  L.R. 83.1C (N.D.Ga.).  The Georgia Rules of Professional Conduct ("GRPC") prohibit lawyers from engaging "in professional conduct involving dishonesty, fraud, deceit, or misrepresentation"  Rule 8.4(a)(4) of the GRPC.  The Rules also state that, "[i]n the course of representing a client a lawyer shall not knowingly . . . make a false statement of material fact or law to a third person."  Rule 4.1(a) of the GRPC.  The comment accompanying Rule 4.1(a) states:

> A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts.  A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false.  Misrepresentations can also occur by failure to act.

Rule 4.1, cmt. 1.

In 1974, the American Bar Association ("ABA") issued an opinion finding that a lawyer's clandestine recording of conversations with witnesses constituted a violation of the ABA's ethics rules.  See Parrott v. Wilson, 707 F.2d 1262, 1271, n.19

5

(11th Cir. 1983)(citing ABA Committee on Professional Responsibility, Formal Opinions, No. 337). At that time, Disciplinary Rule 1-102(A)(4) of the Code of Professional Responsibility ("CPR") contained language identical to Rule 8.4(a)(4) of the GRPC. Unlike the GRPC, however, the ABA CPR also contained Cannon 9, which stated: "A Lawyer Should Avoid Even the Appearance of Professional Impropriety." <u>See</u> ABA Formal Opinion 337. The ABA relied on Canon 9 and Disciplinary Rule 1-102(A)(4), as well as other CPR Canons, in support of its finding that clandestine recordings should not be made.

In 1983, the Court of Appeals for the Eleventh Circuit relied on Formal Opinion 337 to find that the protections of the work-product doctrine had been forfeited with respect to recorded witness statements based on the fact that the recordings were made without notification to the witnesses. <u>Parrott</u>, 707 F.2d at 1271-72. Nevertheless, as Plaintiff points out, the ABA has since withdrawn Opinion 337. <u>See</u> ABA Standing Committee on Ethics and Professional Responsibility, Formal Opinion, No. 01-422 (2001).[2] Opinion 01-422 concludes that lawyers may make clandestine witness recordings in jurisdictions (such as Georgia) where it is legal to do so, but may not

---

[2]Although not entirely clear, Defendant does not appear to contend that clandestine recording of a conversation is *ipso facto* unethical.

6

"falsely represent that a conversation is not being recorded." Id., Preamble.  In support of this revision, the ABA relied in part on the removal of Canon 9 from the Model Rules of Professional Conduct, which replaced the CPR, and on which the present Georgia rules are based.  Id., ¶ 2.  The ABA also revisited its reasoning with respect to Disciplinary Rule 1-102(A)(4), which was incorporated into the Model Rules, and concluded that it no longer supports prohibition of *all* clandestine recordings.  Id.[3]

If, as Defendant asserts, Mr. Dozier intentionally lied to a witness, his behavior constitutes a violation of both the old and the revised ethics rules.  However, Mr. Dozier denies that he intended to mislead the witness.  Absent evidence to the contrary, the Court accepts his statements as true and finds that his explanation, although

---

[3]The ABA noted, among other things, that (1) "the belief that nonconsensual taping of conversations is inherently deceitful . . . is not universally accepted today"; (2) interpreters of Opinion 337 have crafted many exceptions to its holding because "there are circumstances in which requiring disclosure of the recording of a conversation may defeat a legitimate and even necessary activity. . . . [such as] documenting conversations with potential witnesses to protect against later perjury"; and (3) Opinion 337 is inconsistent with the approach of the Model Rules, which "deal directly with 'respect for the rights of third persons' in Rule 4.4," which "proscribes only 'means that have no substantial purpose other than to embarrass, delay or burden a third person,' and 'methods of obtaining evidence that violate the legal rights of such a person.'"  Rule 4.4 of the Model Rules has been adopted as Rule 4.4 of the GRPC.

7

unusual, does not defy logic.  Furthermore, the Court finds that the ethics rules currently in force in Georgia do not prohibit clandestine witness recordings.

Nonetheless, Defendant also contends that Mr. Dozier misled a second witness, Dixie Morgan, through an omission.  (<u>See</u> Doc. 118, Reply Brf. at 8).[4]  Mr. Dozier had two conversations with Ms. Morgan, only the second of which was recorded.  At her deposition, Ms. Morgan testified that both of the conversations covered the same topics, that Mr. Dozier specifically stated during the first conversation that it was not being recorded, and that during the second conversation "he did not say either way whether it was being recorded.  I was under the impression that it was not." (Morgan Dep. at 48).  Notably, the two conversations were separated by approximately seven months.  (<u>Id</u>.).  In response, Plaintiff states that Mr. Dozier cannot be held responsible for Ms. Morgan's impressions because she did not ask about being recorded and did

---

[4]Defendant also takes issue with Mr. Dozier's attempts to obtain affidavits from other witnesses, and his questioning of deposition witnesses regarding recorded conversations that had not then been provided to Defendant.  (<u>See</u> Doc. 118, Reply Brf. at 9-12).  Plaintiff is entitled to attempt to obtain affidavits from witnesses in lieu of depositions.  Plaintiff's failure to produce the recorded conversations in a timely manner, however, was not appropriate.

AO 72A
(Rev.8/82)

not otherwise indicate (at that time) that she did not want to be recorded.  (See Doc. 123, Sur-Reply at 13).

Defendant's assertion that Mr. Dozier intentionally misled the witness would have more force if the second conversation had closely followed the first.  With a break of approximately seven months, however, Mr. Dozier may not have recalled his prior representation.  Given the evidence, or lack thereof, currently in the record, the Court finds that a violation of the ethics rules has not been proven.[5]

Furthermore, even if Mr. Dozier did cross the line and engage in unethical conduct, disqualification – which Defendant requests, (Doc. 106, Brf. at 20) – is not warranted in this case.  Accusations of unethical conduct are among the most serious of allegations that a court must consider.  Schlumberger Tech., 113 F.3d at 1562. "[T]he brand of disqualification on grounds of dishonesty and bad faith could well hang over [an attorney's] name and career for years to come."  Id. (internal quotation marks omitted).  Moreover, Plaintiff has a qualified right to counsel of her choice, which may be overridden only "if her choice would interfere with the orderly

_____

[5]This does not mean that the Court approves of all of the tactics used by Plaintiff's attorney, or – given the potential for abuse – his failure to closely monitor his own use of recording devices.

9

administration of justice." In re BellSouth Corp., 334 F.3d 941, 955-56 (11th Cir. 2003). If, as in this case, the alleged misconduct does not threaten disruption of court proceedings or deliberately challenge the court's authority, the trial court's discretion with respect to disqualification is limited. Schlumberger Technologies, Inc. v. Wiley, 113 F.3d 1553, 1561 (11th Cir. 1997). A disqualification decision based solely on unethical conduct must rest upon "violation of specific Rules of Professional Conduct, not on some transcendental code of conduct that exists only in the subjective opinion of the court." Schlumberger Technologies, 113 F.3d at 1561 (internal quotation marks, ellipses, and brackets omitted).

The only specific ethics rules at issue in this case are those prohibiting lawyers from lying to third parties on behalf of their clients. As discussed above, the Court finds that the evidence that Mr. Dozier intentionally lied to witnesses is not sufficient to prove his guilt, especially in light of the gravity of such a finding.[6] Mr. Dozier is

---

[6]Relying on Clos v. Pugia, 204 Ga.App. 843, 420 S.E.2d 774 (1992), Defendant argues that disqualification is an appropriate sanction even if Mr. Dozier did not wilfully violate the ethics rules. (Doc. 106, Brf. at 21). The Court finds that Clos, to the extent it cannot be distinguished, is inconsistent with Eleventh Circuit precedent, which in this Court's view, requires more than a mere mistake to justify abrogation of a plaintiff's right to counsel of her choice.

10

more likely guilty merely of a lack of vigilance with respect to his practice of recording witness conversations.  Such a practice, in this Court's view, should be undertaken only when appropriate safeguards are in place to avoid unintentional misrepresentations or lapses into unethical conduct.  To the extent Mr. Dozier is guilty of this offense, however, it is not sufficiently egregious to warrant abrogation of Plaintiff's qualified right to counsel of her choice.

## II.   <u>**Plaintiff's Request for Leave to Take Additional Discovery Depositions**</u>

Rule 30 of the Federal Rules of Civil Procedure requires parties to obtain leave of court before taking more than 10 depositions.  Fed.R.Civ.P. 30(a)(2)(A).  That rule also instructs courts to grant leave to the extent doing so would be consistent with the principles stated in Rule 26(b)(2).  Rule 26(b)(2) permits courts to alter the limits set on the number and length of depositions, provided the proposed depositions are not (1) "unreasonably cumulative or duplicative," or "obtainable from some other source that is more convenient, less burdensome, or less expensive"; (2) the party seeking the depositions "has had ample opportunity by discovery in the action to obtain the information sought"; or (3) "the burden or expense of the proposed [depositions]

11

outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(A),(C).

Defendant contends that "the discovery sought by Plaintiff through depositions is unreasonably cumulative, the burden and expense of conducting these depositions will outweigh their likely benefit, and the likely areas of examination will be irrelevant to any claim or defense of the parties." (Doc. 116, Brf. at 4). Most of the witnesses Plaintiff seeks to depose, however, have been identified by Defendant as possible witnesses in this case. (See infra § III). The discovery rules "are designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, thereby preventing surprise." Shelak v. White Motor Co., 581 F.2d 1155, 1159 (5th Cir. 1978)(citing Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). To the extent the individuals Plaintiff seeks to depose remain potential witnesses for the defense, the Court finds that Plaintiff is entitled to inquire into their

knowledge of the relevant facts to avoid surprise at trial.[7]

In the alternative, Defendant asks that the Court "compel Plaintiff to disclose the names of the individuals she intends to depose, and prohibit Plaintiff from inquiring into areas that are irrelevant, specifically any alleged prescription drug use by Defendant Staeben." (Doc. 116 at 7). Defendant also asks that Plaintiff be prohibited "from inquiring about alleged acts that occurred prior to Plaintiff's employment, unless those acts involved any alleged sexual harassment or the purported notification of such harassment to GFDC." (Id.).

At this point in time, the Court does not have enough information to determine the relevance of Plaintiff's deposition inquires. The Court, however, will limit Plaintiff to deposing only those witnesses that remain on Defendant's witness list and – given the large number of potential deponents and the limited nature of their potential contributions to the case – will limit each deposition to a maximum of two

---

[7]The Court cannot conclude, based on the current record, that Defendant's provision of what it describes as "an extensive narrative regarding the basis of knowledge of each witness listed by Defendants," (Doc. 116, Brf. at 6), is sufficient to meet Plaintiff's needs. With respect to the cost of depositions, about which Defendant also complains, (id.), Plaintiff is responsible for all expenses other than Defendant's attorney's fees.

13

hours.  Plaintiff may file a motion seeking a longer time for an individual witness, but only if she can state with particularity why a longer deposition is needed.  Plaintiff may also file a separate motion seeking permission to depose individuals who are not on Defendant's list, provided she has a compelling reason to do so.


**III.**   **Plaintiff's Motion to Compel Discovery Depositions**

Plaintiff seeks an order compelling the depositions of several current employees of Defendant, whom Defendant has refused to produce.  (Doc. 110).  Defendant opposes the motion, asserting (1) that Plaintiff failed to attach a certification of good faith to her motion, see Fed.R.Civ.P. 37(a)(2)(A); (2) that she has already exceeded the number of depositions permitted by the Federal Rules; (3) that Defendant filed its Motion for Protective Order before Plaintiff filed her Motion to Compel; and (4) that Defendant's non-managerial employees must be subpoenaed – not noticed – for their depositions.  (Doc. 117).

For reasons discussed above, the Court will allow Plaintiff to depose additional witnesses, provided they remain on Defendant's list of potential witnesses.  Two of the employees listed in Plaintiff's brief – Damien Harris and Harrison Bland – do not appear on the version of the witness list filed with Defendant's initial disclosures.  (See

14

Doc. 10, Attach. A).  Unless Defendant has added these individuals to the list, they may not be deposed.  (Of course – as apparently has already occurred – counsel may speak with these individuals *ex parte* to the extent they are willing to do so.)

Finally, the Court agrees with Defendant that the appropriate procedure for deposing its non-managerial employees is by subpoena.  Defendant, however, may agree to produce the witnesses without this formality.

## IV.   <u>Conclusion</u>

For the foregoing reasons,  Defendant GFDC's Motion to Compel Production of Recorded Conversations, for Protective Order, and for Sanctions [Doc. 106] is **GRANTED in part and DENIED in part**; Plaintiff's Request for Leave to Take Additional Discovery Depositions [Doc. 107] is **GRANTED in part and DENIED in part**; Plaintiff's Motion to Compel Discovery Depositions [Doc. 110] is **DENIED**; Plaintiff's Request for Leave to File Response to Defendant GFDC's Reply Brief [Doc. 124] is **GRANTED nunc pro tunc**; and the parties' Consent Motions to Extend Defendant Staeben's Time to Respond to Subpoenas [Docs. 141 & 142] are **GRANTED**.

Plaintiff is **ORDERED** to supplement her responses to Defendant's

15

interrogatories regarding recorded conversations and must certify in her response that the recordings provided to Defendant have not been altered in any way.  Plaintiff's supplemental responses are due no later than **November 9, 2007**.  Plaintiff may depose any individual (not already deposed) identified by Defendant as a potential trial witnesses, but she is limited to two hours for each deposition.

The discovery period is extended until **December 14, 2007** solely for the purposes of completing the discovery discussed in this order.  In consideration of the upcoming holidays, the deadline for summary judgment motions is extended until **January 12, 2008**.  Responses are due no later than **February 2, 2008**.

Neither party is awarded attorney's fees.

IT IS SO ORDERED, this 31st day of October, 2007.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

T:\VII\Price v. Gwinnett Family Dental 2.wpd

AO 72A
(Rev.8/82)